UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NINA TAYLOR, *et al.*, | § § § | Civil Action No. 3:11-CV-471-BAJ-SCR |
| *Plaintiffs,* | § § | |
| v. | § § | Judge Brian A. Jackson |
| TURNER INDUSTRIES GROUP, LLC, *et al.* | § § § | Magistrate Judge Stephen C. Riedlinger |
| *Defendants* | § § | |

### PLAINTIFFS' MOTION TO CONSOLIDATE

Pursuant to the Court's order (Doc. 241) granting Defendants' Motion to Sever (the "Order"), Plaintiffs submit this Motion to Consolidate certain of the now-severed 216 lawsuits pending against Turner Industries Group, LLC, et al in this Court. In its Order, the Court recognized that "once Plaintiffs' claims are severed, it may be appropriate to consolidate certain categories or groups of Plaintiffs based on work site location, type of claim, or other factors." *See* Doc. 241, p. 9. "Accordingly," the Court noted, "Plaintiffs, shall be granted leave to file, within 60 days, a written discovery plan and/or motion(s) to consolidate certain Plaintiffs' claims."[1] *Id.*

Plaintiffs propose that Plaintiffs' claims be consolidated pursuant to each Plaintiff's predominant work site location.[2] Consolidation of Plaintiffs along the lines of work site location would meet the requirements of Rule 20(a)(1). Plaintiffs at the same work location would potentially have the same foremen, supervisors, and human resources personnel at issue. Plaintiffs at the same third-party work location would be operating under that third-party's rules

---

[1] Plaintiffs have filed a separate Discovery Plan which anticipates all of the consolidated cases requested herein to be governed by the same discovery, mediation, and motion practice schedule.
[2] As the Court is aware, most Plaintiffs worked at multiple locations of Defendants. Plaintiffs who worked at corporate or who were denied employment altogether are listed below under the "Turner-General" category.

and regulations in addition to Defendants' rules and regulations. Witnesses and evidence would be similar, and the physical description of the worksite would remain constant (i.e., "racial graffiti found at Bay No. 6" or "noose found by Tower No. 2"). Consolidation pursuant to work site location will lessen any potential for jury confusion and potential prejudice, and will allow for the efficient resolution of Plaintiffs' claims.

## ARGUMENT

This matter was originally filed in the Eastern District of Texas, before being split into two separate cases based upon the state of residence of the Plaintiffs. This order by Eastern District of Texas Chief Judge Folsom resulted in a "Texas Case" comprised of 46 Plaintiffs, and the instant case numbering in excess of 200 Plaintiffs. Judge Gilstrap of the Eastern District of Texas maintained the 46 Texas Case Plaintiffs in a single action, and when he began to set the Texas Case for trial, work site location was the predominant factor: "The parties are hereby noticed that the Court will conduct a bellwether trial consisting of 10 Plaintiffs who were employed by Defendants in Paris, Texas, with jury selection on October 1, 2012 . . . The Court intends to conduct a second bellwether trial comprised of the 11 Plaintiffs who were not employed by Defendants in Paris, Texas at a later date. The Court shall schedule the remaining Plaintiffs for trial pursuant to future order yet to be entered herein." *See* Exhibit 1, Texas Case Doc. No. 152. Consolidation of certain Plaintiffs' claims based on work location is permissible because the claims in each of the consolidated cases would arise out of the same series of transactions and raise common questions of law and/or fact. Additionally, consolidation along these lines would promote judicial efficiency.

**PLAINTIFFS' MOTION TO CONSOLIDATE**

2

Case 3:11-cv-00471-BAJ-SCR   Document 244   05/28/13   Page 2 of 11

1.  **The Claims in this Case Arose out of the Same Series of Transactions and Raise Common Questions of Law and/or Fact**

FED. R. CIV. P. 20(a)(1) provides that plaintiffs may be joined if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, *or series of transactions or occurrences*; and (B) any question of law or fact common to all plaintiffs will arise in the action. *Id.* (emphasis added). Additionally, FED. R. CIV. P. 20(b) provides that a "court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." *Id*. As demonstrated below, under this statutory framework Plaintiffs may be properly consolidated in multiple cases based on work location and should remain so joined for purposes of judicial efficiency.

  a.  *Joinder of Plaintiffs Should Be Liberally Allowed For Judicial Efficiency*

The Supreme Court has expressed a policy that strongly encourages joinder consistent with fairness to the parties. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Once the requirements set forth under Rule 20 are met, joinder of the parties is at the option of the plaintiff. *Goodyear v. Dauterive Hosp. of New Iberia,* No. 07-249, 2007 WL 2066855, at *2 (W.D. La. July 13, 2007) The requirements prescribed by Rule 20(a)(1) are to be liberally construed in the interest of convenience and judicial economy. *Swan v. Ray,* 293 F.3d 1252, 1253 (11th Cir. 2002). Consequently, "'joinder falls within the discretion of the court and is to be liberally granted.'" *Bell v. Lockheed Martin Corp.*, No. 08–6292, 2010 WL 3724271, at *12 (D.N.J. Sept. 15, 2012) (emphasis added).

Specifically in the context of employment discrimination, "courts generally have been favorable towards allowing joinder of plaintiffs' claims." *Goodyear,* 2007 WL 206685 at *3. The concepts of "same series of occurrence or transactions" and "common question of fact or law" prescribed by FED. RULE. 20(a) are "flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." WRIGHT, MILLER & KANE *Federal Practice & Procedure,* §1653 (1986). If there is a logical relationship between the claims and any overlapping proof or legal question, joinder should be allowed. *Little v. Bellsouth Telecom.*, CIV. A. 95-1646, 1995 WL 468256 at *1 (E.D. La. Aug. 7, 1995).

### b. *Plaintiffs Have Suffered Discrimination Based on the Same Series of Transactions*

The purpose of Rule 20(a)(1) is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits." Thus, courts recognize that "'[t]ransaction' is a word of flexible meaning [and] may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *Lopez v. City of Irvington,* No. 05-5323, 2008 U.S. Dist. LEXIS 14941, at *7 (D.N.J. Feb. 27, 2008) (quoting *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974)) (internal citations omitted). In determining what constitutes the same series of occurrences or transactions, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties," in a way that strongly encourages joinder of the parties, claims and remedies. *United Mine Workers¸* 383 U.S. at 724.

**PLAINTIFFS' MOTION TO CONSOLIDATE**

4

Case 3:11-cv-00471-BAJ-SCR   Document 244   05/28/13   Page 4 of 11

*Mosely* has been favorably cited and followed by other Louisiana district courts in the Fifth Circuit. For example, in *Amie v. City of Jennings, LA.*, the Western District of Louisiana held:

> In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to FED.R.CIV.P. 13(a) governing compulsory counterclaims. *See Mosley,* 497 F.2d at 1333. For the purposes of Rule 13(a), "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."
>
> * * *
>
> Accordingly, "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Mosley,* 497 F.2d at 1333. Several courts have concluded that allegations of a "pattern or practice" of discrimination may describe such logically related events and satisfy the same transaction requirement. In *Mosley,* perhaps the leading case on the joinder of Title VII plaintiffs under Rule 20 . . . The court held that "[s]ince a 'state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote' was determined to arise out of the same series of transactions or occurrences, we conclude that a company-wide policy purportedly designed to discriminate against blacks in employment . . . arises out of the same series of transactions or occurrences."

*Amie v. City of Jennings, LA.*, No. 2:03CV2011, 2005 WL 3007009, at *1-3 (W.D. La. Nov. 8, 2005) (emphasis added).[3] In denying defendants' motion to sever, the *Amie* court went through a series of analyses to determine what could and could not properly be considered as a basis for severing the claims of multiple plaintiffs against a single defendant in a Title VII discrimination context:

> *Claims arising out of the same transaction or occurrence.* There are seven plaintiffs in this case. Although these seven women worked in different capacities and their allegations of sexual harassment differ, they are all claiming harassment

---

[3] *See also Porter v. Milliken & Michaels, Inc.,* No. CIV.A.99-0199, 2000 WL 1059849, *1+ (E.D. La. Aug 01, 2000).

**PLAINTIFFS' MOTION TO CONSOLIDATE**

5

by the same employer, at the same place, by officers in the Jennings Police Department.

*Plaintiffs allege common questions of law or fact.* The plaintiffs all claim hostile work environment. They claim that the defendants' behavior was unwelcome, severe and pervasive. There is a common legal theory by all the plaintiffs in this case.

*Whether settlement of the claims or judicial economy would be facilitated.* Judicial economy would be facilitated by not severing these cases. The same witnesses will be required to testify at each of the trials. Separate trials would cause undue delay, additional expenses to the parties, and repetition of testimony.

*Whether prejudice would be avoided if severance were granted.* The defendant argues that severance is necessary to prevent prejudice to the defendant. The defendant argues that there is a danger that the jury will find the defendant liable solely because of the sheer number of witnesses against it and because the jury will be confused by evidence relevant to some, but not all plaintiffs. The plaintiff argue [*sic*] that these potential problems can be addressed by jury instructions and the court concurs.

*Whether different witnesses and documentary proof are required for the separate claims.* Although there will be different witnesses for some of the claims, there are more witnesses in common than not.

*Id.* In allowing the claims of 19 plaintiffs to proceed in a single case against one common defendant, *Hanley* court specifically applied the *Mosley* standard to existing Fifth Circuit case law:

> Thus, the Fifth Circuit may not be antithetical to a "logical relationship" definition as to what constitutes a transaction, occurrence, or series of transactions or occurrences. Although the court has already determined that joinder is proper under existing Fifth Circuit authority, it should be noted that a denial of severance would be proper under the "logical relationship" standard as well. Here there is a common pattern of claims alleging the same culpable conduct against the same defendant over the same period of time. <u>The claims are much more similar than dissimilar. And while application of the test may be more intuitive than cerebral, the claims seem logically related</u>. This logical relationship among the claims shows that the facts giving rise to each individual claim are part of a "series of transactions or occurrences" giving rise to common questions of both fact and law. Thus, joinder would also be proper under Rule 20(a) using the *Mosley* standard.

**PLAINTIFFS' MOTION TO CONSOLIDATE**

6

*Hanley v. First Investors Corp.*, 151 F.R.D. 76, 80 (E.D. Tex. 1993) (emphasis added).

    c.    *Plaintiffs Claims Have a Common Question of Fact and Law*

Plaintiffs must also allege a common question of fact or law in order for joinder to be proper. Only "some question of law or fact must be common to all parties." *Porter*, 2000 WL 1059849 at *2 (E.D. La. 2000). The Federal Rules do not require that all questions of law and fact raised by the dispute are in common. *Id.* With respect to employment discrimination cases under Title VII, courts have generally found that a defendant's discriminatory conduct is a common question of fact in and of itself. *Mosley,* 497 F.2d at 1330. The fact that some plaintiffs have "suffered differed effects from the alleged discrimination is immaterial for the purposes of determining the common question of law or fact." *Id.* at 1334. *See also Amie*, 2005 WL 3007009 at * 2 (finding that since all plaintiffs alleged claims of a hostile work environment, plaintiffs' common legal theory met the "common law or fact" requirement.)

**2.**    **Plaintiffs Claims Should be Joined for Judicial Efficiency**

There would be myriad judicial inefficiencies in requesting this Court, the parties, and third-party witnesses to manage, testify at, and organize over 200 separate trials dealing with the same issues, facts, claims, and witnesses. Consolidating the Plaintiffs by work site location would reduce such inefficiencies, as the issues, facts, claims, and witnesses would be similar for Plaintiffs who worked at the same location. Moreover, assuming *arguendo* a possibility of jury confusion, such confusion "can be managed with appropriate jury instructions, including limiting instructions, and specially tailored verdict forms." *Monsanto v. Fleming*, No. 3:07-cv-105-J-33HTS, 2007 WL 3521724, at *5 (M.D. Fla. Nov. 15, 2007) (citation and internal quotations omitted).

## CONCLUSION

Pursuant to this Court's Order, Plaintiffs propose that Plaintiffs' claims be consolidated pursuant to each Plaintiff's predominant work site location as follows, and for such other and further relief as to which they may show themselves to be justly entitled:

1. **Citgo** (Daniel Bellard, Clarence Bertrand, Jeffre Brown, Alton Burrell, Harvey Butler, Katrina Calligan, Kevin Campbell (deceased), Erely Carvin, Phyllis Celestine, Tasheena Celestine, Shelby Celestine Jr., Shelby Celestine Sr., Derran Clark, Ronald Coleman, Chris Doucett, Shawn Ducre, Joceyln Duhon, Brenda Edwards, Vera Ellis, Paul Fields, Daniel Fontenot, Tonya Frye, Javion Garrett, Terry Gobert, Tommie Gobert, Rogers Guidry, Elliot Guillory, Kenneth Hanks, Mark Henry, Stacy Hudson, Joseph Jackson, Larry James Walker, Bryant Johns, Savoy Jones, Corey Kaough, Daryl Kelly, Abraham Lewis, Shannon Lewis, Mitchell Marshall, Stacy McZeal, Kenneth Mitchell, Gregory Moore, Otis Moore, Doris Nwosu, Joshua Pete Jr., Joshua Pete Sr., John Pitre, Brenda Richard, Joseph Richard, Reginald Richard, Norman Richards, Felicia Rougeau, Milton Ryan, Chris Ryan, Patricia Slidell, William Stevens, Kenneth Stewart, Robert Thomas, Joe Thomas, Keelye Tomlinson, Ulacier Thompson, Yvonne Turner, Larry Tutson, Kevin Victor, Conway Viney, Shayla Vital, Melvin Ward, Roy Wiltz, Wesley Wiltz, Oran Woods, Kevin Young, Wilson Chavis, Robert Freeman, Ladray Bias, Marion Berry, Shervvondalon Rolax, Zavier Green

2. **Conoco** (Brandon Beroid, Michael Brooks, Brenda Citizen, Dwayne Colston, Jermaine Dugas, Anitra Edwards, Glenda Edwards, Demetrius Gardner, Camille Gobert, Nicole Gobert, Odessa Gobert, Steven Harmon, Ronald Jones, Tonia Keys, Stacy Larce, Harry Lemonier, Edward Lewis, Debra McZeal, Norman Pattum, Danny Peck, Cavik Prudhomme,

Donald Prudhomme, Tony Richard, Timothy Rigmaiden, Wilda Robinson, Pamela Thomas, Conrad Viney, Monica Malbrough.

3. **PPG** (Will Barker, Swiney Ceasar, Joseph Henderson, Michael Malbrough, Clarence Williams, Morgan Williams)

4. **Sasol** (Shawn Citizen, Trillis Danielson, Marcus Doucette, Eavy Ellis, Delvin Gims, Courie Goodly, Charles Grier, Reginald Harmon, Jerry Hudson, Michael John, Melvin Jones, Terell Leblanc, Eddiemae Reado, Alvin Sherman, Pernell Simien (deceased), Artigus Viney, Joseph Paul West)

5. **IPS** (Russell Batiste, Edward Blake, Brandon Brisco, Gita Brown, Henry Dogan, Gregory Dorsey, Shannon Facione, John Freeman, Joseph Gordon, Cortney Harden, Rodriques Hendricks, Larry Hinderson Lamont Jack, Chauncey Jackson, Crandal Jackson, Rick James, Lorenzon Johnson, Marcus Payne, Carl Richard, Gralin Robinson, Larrell Route, Varlon Route, Louis Smith, Calvin Stewart Jr., Calvin Stewart Sr., Delvechio Williams, Gideon Williams, Franklin Wilson, Edwin Franklin)

6. **Westlake** (Hillary Arvie, Laura Evans, Donald Franklin, Ernest Jones, Roslyn Phillip, Veronica Reed, Kenneth Ross, Jammie Watson, Edward Leday)

7. **Marathon** (Leamos Byrd, Larry Clark, Sherin Darville, Glenda Dorsey, Larry Edwards, Cheryl Falola, Troy Harrell Royal Harvey, Ethel Jones, Sheldon Melton, Alvin Roussell, Carletta Sebro, Claude Wiggins, Gil Jackson)

8. **Shintech** (Thammy Bailey, Reginal Birdis, Hollace Johnson, Carlton Patterson)

9. **Monroe, LA Turner Site** (David Butler, Elmer Burns, Frederick Canady)

**10. Shell/Motiva Norco and/or Dow Chemical** (Cody Howard, Charles Jacobs, Shaun Jones, Roosevelt Green, Earl Price, Herman Mosby, Crystal Ray, Thomas Rucker, Jr.)

**11. Division Burden** (Chris Papillion, Joseph Redmond, Donald Redmond)

**12. LNG** (Kevin Ray Blue, Herman Moton, Johnny Moton, George Waters)

**13. Rubicon** (Issac Bell, Larry Bell, Michael Gold, Derrick Wicker)

**14. Turner – General** (Bobby Batton, Trudy Braxton, Alisha Howard, Sheila Jackson, Kevin Johnson, Anthony Lilly, Harold Savoy, Leroy Stewart, Craig Minor)

Respectfully submitted,

 /s/ Jay D. Ellwanger
Jay D. Ellwanger
Texas Bar No. 24036522
jellwanger@dpelaw.com
Stefanie T. Scott
Texas Bar No. 24061617
sscott@dpelaw.com
**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627

Pamela W. Carter
LA State Bar No. 24048
pcarter@carterlawgroupllc.com
**Carter Law Group, LLC**
1055 St. Charles Avenue, Suite 222
New Orleans, Louisiana 70130
Telephone: (504) 527-5055
Facsimile: (504) 527-5056

*Of Counsel:*

James A. Vagnini
N.Y. State Bar No. 2958130
jvagnini@vkvlawyers.com

**PLAINTIFFS' MOTION TO CONSOLIDATE**

>Robert M. Valli, Jr.
>N.Y. State Bar No. 2383107
>rvalli@vkvlawyers.com
>Sara W. Kane
>N.Y. State Bar No. 2935617
>skane@vkvlawyers.com
>Deborah L. Rubin
>N.Y. State Bar No. 4840872
>drubin@vkvlawyers.com
>**Valli Kane & Vagnini, LLP**
>600 Old Country Road, Suite 519
>Garden City, New York 11530
>Telephone: (516) 203-7180
>Facsimile: (516) 706-0248

>*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule LR5.3. As such, this motion was served on all counsel who are deemed to have consented to electronic service, on this the 28th day of May 2013.

>  /s/ Jay D. Ellwanger
>  Jay D. Ellwanger